FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 2 9 2010 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

- against -

ROBERT DAVIS,

Defendant.

08-CR-332

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

JACK B. WEINSTEIN, Senior United States District Judge:

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the sentencing guidelines referred to in section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

1

On November 6, 2008, Robert Davis plead guilty to Count One of an eleven-count superseding indictment, which charged that from 2005 until February 26, 2008, the defendant, together with others, conspired to defraud financial institutions and others by means of wire communication in interstate commerce, writings, signs, signals, pictures, and sounds, and by means of materially false and fraudulent pretenses, representations, and promises, in violation of 18 U.S.C. § 1349.

Davis was sentenced on March 16, 2010. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal).

The court finds the total offense level to be 26 and defendant's criminal history category to be category I, yielding a guidelines range of imprisonment of between 63 and 78 months. The base offense level was increased by two points because the offense involved ten or more victims, based on the fact that twelve mortgage companies and an undetermined number of individuals were victims of the overall criminal conspiracy in which defendant participated. *See* U.S.S.G. § 2B1.1 (b)(2)(A). An additional two points were added to the base offense level since the defendant abused a position of trust granted by his employment and used a special skill in a manner that significantly facilitated the commission or concealment of the crime. *See* U.S.S.G. § 3B1.3. The offense carried a maximum term of imprisonment of 30 years. 18 U.S.C. § 1349. The guidelines range of fine was from $12,500 to $1,000,000. An order of restitution was mandatory. *See* 18 U.S.C. § 3663A; U.S.S.G. § 5E1.1. The underlying charges in the superseding indictment were dismissed.

Davis was sentenced to six months' incarceration and three years' supervised release. A $100 special assessment was imposed. Restitution was ordered in the amount of $5,166,900 owed to defendant's victims, to be distributed proportionately among the victims identified in paragraph 17 of the Presentence Investigation Report. Restitution shall be payable to the Clerk of this court in the amount of $100 per month beginning six months after defendant's release. Liability for restitution is joint and several with defendant's co-defendants in this case. No fines were imposed because the defendant does not have any assets, and it is unlikely that he will have any in the future to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court imposed a non-guideline sentence pursuant to 18 U.S.C. § 3553(a) and *Booker*. The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). Also considered was the government's 5K1.1 letter, and the fact that the defendant's cooperation proved useful in the prosecution of defendant's co-conspirators. *See* 18 U.S.C. § 3553(e).

Defendant has worked hard, and has exceeded difficult conditions to earn a college degree, law degree, and become a member of the bar. Had defendant started his legal career in different environment or received mentorship from an ethical senior lawyer, he could have been a great attorney. But the seriousness of the offense, and the fact that defendant was a member of the bar, cannot be overlooked. For purposes of general deterrence the court bears a responsibility to the public and to the bar to impose a sentence of imprisonment in addition to the other consequences defendant will suffer, such as discipline or disbarment. A sentence of six

months' imprisonment reflects the seriousness of the offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that any involvement in bank fraud will result in a substantial prison sentence. Specific deterrence is achieved through incapacitation, the likely loss of defendant's law license, and the impact of this conviction on the defendant's family and employability. It is unlikely that he will engage in further criminal activity in light of his expressions of remorse, efforts at rehabilitation, and supportive family.

Jack B. Weinstein
Senior United States District Judge

Dated: March 17, 2010
Brooklyn, New York

4